UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VIRGINIA INTERNATIONAL
TERMINALS, LLC,

        Plaintiff,

v.                                          Case No. 2:17cv537

KEYSTONE TRANSPORTATION
SOLUTIONS, LLC,

        Defendant.

## ORDER

This matter comes before the court on Plaintiff's, Virginia International Terminals, LLC ("VIT"), Motion for Default Judgment (ECF No. 10) filed on December 12, 2017. The matter was referred to a United States Magistrate Judge by Order of January 2, 2018, (ECF No. 11), pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned proposed findings of fact, if applicable, and recommendations for the disposition of the motion.

The United States Magistrate Judge's Report and Recommendation (ECF No. 22) was filed on April 5, 2018. The Magistrate Judge recommended that the court grant in part and deny in part VIT's Motion for Default Judgment. By copy of the Report and Recommendation of the Magistrate Judge, the parties were advised of their right to file

written objections thereto. The court has received no objections to the Magistrate Judge's Report and Recommendation, and the time for filing same has expired.

The court does hereby **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed April 5, 2018. Accordingly, VIT's Motion for Default Judgment is **GRANTED IN PART AND DENIED IN PART**. Specifically, the court **GRANTS** VIT's request for damages, except for the two invoices from March 2015 and the interest associated with those invoices. This damages award totals to a sum of $129,656.84, which includes $121,586.99 for unpaid rent, $3,655.00 for Defendant's, Keystone Transportation Solutions, LLC ("KTS") containers, and $4,414.85 for unpaid rail charges, plus applicable interest. No later than seven days from the entry date of this Order, VIT shall submit a final interest calculation to the court, which interest shall be calculated at the annual rate of twelve percent (12%) on each of the three recoverable items detailed above. Moreover, the interest for each recoverable invoice on each recoverable item is to be calculated separately from the due date displayed on the invoice to the entry date of this Order.

The court **DENIES** VIT's request for attorneys' fees and costs. Further, the court **ORDERS** the following declaratory relief:

(1) KTS shall indemnify and hold VIT harmless from any claims, except those caused by the negligence or intentional misconduct of VIT, that may be brought against VIT by Teak or its principals that are in any way related to, connected with, or arise from the agreement;

(2) KTS shall provide insurance, or otherwise serve as the insurer of last resort, for any claims that may be brought against VIT by Teak that are related to, connected with, or arise from the agreement;

(3) The assignment of any claims by KTS to Teak that are related to, connected with, or arise from the agreement is null and void; and

(4) The assignment of any tort claims by KTS to Teak that do not arise from a direct injury to real or personal property is null and void.

The Clerk shall forward a copy of this Order to all parties of record.

It is so **ORDERED**.

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

May 1, 2018